# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS LOCAL 324
PENSION FUND,

    Plaintiffs,

v.

HAYES WASHED SAND &
GRAVEL CO., INC., a
Michigan corporation,

    Defendant.
_____/

Case No.: 19-cv-

Hon.

*Sullivan, Ward, Asher & Patton, P.C.*
DAVID J. SELWOCKI (P51375)
JOHN D. McCLUNE (P51948)
MELISSA M. KELM (P81739)
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
(248) 746-0700
dselwocki@swappc.com
jmcclune@swappc.com
mkelm@swappc.com
_____/

## **COMPLAINT FOR WITHDRAWAL LIABILITY**

    ***NOW COME*** the Trustees of the OPERATING ENGINEERS LOCAL 324

PENSION FUND, by and through their attorneys, SULLIVAN, WARD, ASHER

& PATTON, P.C., and for their Complaint for Withdrawal Liability against Defendant, HAYES WASHED SAND & GRAVEL CO., INC., state as follows:

1. Plaintiffs are the Trustees of the Operating Engineers Local 324 Pension Fund, which is a Trust Fund with administrative offices in the Township of Bloomfield, Oakland County, Michigan (hereinafter the "FUND").

2. Defendant, HAYES WASHED SAND & GRAVEL CO., INC., is a Michigan corporation with its principal place of business in the State of Michigan (hereinafter "HAYES").

3. The FUND is administered by a joint board of trustees, the Plaintiffs, pursuant to the terms and provisions of its Agreement and Declaration of Trust. The FUND was established pursuant to the Collective Bargaining Agreement entered into between the Operating Engineers Local 324 Union and certain employers and employer associations, whose members employ members of the Union, and the Fund is required to be administered and maintained in accordance with the provisions of the LMRA, ERISA, and other applicable state and federal statutes.

4. At all relevant times, HAYES was bound to the contract with the Operating Engineers Local 324 Union.

5. The FUND is a third-party beneficiary to the Collective Bargaining Agreement between HAYES and the Operating Engineers Local 324 Union.

6. Pursuant to the terms and provisions of the Collective Bargaining Agreement between HAYES and the Union, HAYES agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by HAYES and covered by the Agreement.

7. On or about November, 2017, HAYES completely withdrew from the FUND. Prior to that, HAYES incurred multiple partial withdrawals.

8. Pursuant to 29 USC §1381, ERISA §4201 and 29 USC §1385, ERISA §4205, when an Employer withdraws from a Multiemployer Plan, such as Plaintiffs, withdrawal liability is assessed.

9. On December 21, 2018, HAYES was assessed $1,501,713.00 for these partial and complete withdrawals.

10. This is an action for the collection of withdrawal liability pursuant to 29 USC §1451 and 29 USC §1145. Jurisdiction and venue are proper in this Court pursuant to 29 USC §1451 and 29 USC §1132. Further, this Court has further jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

11. On December 21, 2018, Plaintiffs submitted a demand for payment of withdrawal liability to HAYES pursuant to 29 USC §1399.

12. Pursuant to the demand provided by the Plaintiffs as set forth above, HAYES was to make the following payments:

- March 1, 2019: $54,876.77
- June 1, 2019: $54,876.77
- September 1, 2019: $35,368.70

13. HAYES is required to make quarterly installment payments through December 1, 2033.

14. HAYES has failed to make any of its installment payments.

15. HAYES has filed a Request for Review and a Demand for Arbitration regarding the Assessment.

16. Regardless of the filing of a Request for Review and/or Demand for Arbitration, all interim payments must be made in accordance with the schedule set forth by Plaintiffs.  29 USC §1401(d) and 29 USC §1399(c)(2).

17. Moreover, if the interim payments are not made, the delinquent employer shall be treated as if failing to make employee benefit contributions required under the Plan within the meaning of 29 USC §1145.  See 29 USC §1401(d) and 29 USC §451(b).  See also CFR 4219.31(c)(2).

18. Despite the requirements of federal law and the demands made by Plaintiffs, HAYES has failed and/or refused to pay its withdrawal liability and/or the accrued interest.

19. Pursuant to 29 USC §1451 the failure to pay withdrawal liability as required is to be treated in the same manner as failure to make ongoing contribution payments within the meaning of 29 USC §1145.

20. Pursuant to 29 USC §1132(g)(2) all Judgments obtained pursuant to 29 USC §1145 are mandated to include not only the unpaid contributions, but attorney fees, costs, liquidated damages and interest on the withdrawal liability.

21. Despite Plaintiffs' demands, HAYES continues to refuse to pay the due and owing withdrawal liability and/or the accrued interest.

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against the Defendants and to include the following:

A. Withdrawal liability in the amount of $146,122.24 (three missed interim payments), and any additional missed interim payments during the pendency of this action.

B. The Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees.

C. Enter an Injunctive Order requiring HAYES to make all future interim payments.

D. This Honorable Court maintain jurisdiction of this matter pending compliance with the Court's Orders; and

  E. Any such other, further or different relief as may be just and equitable under the circumstances.

         Respectfully submitted,

         **SULLIVAN, WARD, ASHER & PATTON, P.C.**

         *s/ David J. Selwocki*
         Attorney for Plaintiffs
         25800 Northwestern Hwy., Suite 1000
         Southfield, MI  48075
         (248) 746-0700
         dselwocki@swappc.com
         P51375

Dated:  September 6, 2019

W2342432.DOC/A56-124346